IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dion Orlando Taylor, | ) | C/A No. 0:11-1456-CMC-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden of Allendale Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Dion Orlando Taylor ("Taylor"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment.[1] (ECF No. 13.) Taylor filed a response in opposition to the respondent's motion. (ECF No. 19.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted.

## BACKGROUND

Taylor was indicted in January 2009 in Charleston County for criminal domestic violence (second or subsequent offense) (09-GS-10-31) and armed robbery (09-GS-10-30). (ECF No. 12-4.) Taylor was represented by Cody Groeber, Esquire, and on June 3, 2009 pled guilty as charged. (ECF No. 12-5 at 7.) The circuit court sentenced Taylor to three years' imprisonment for criminal domestic violence and ten years' imprisonment for armed robbery, both sentences to be served

---

[1] Also pending before the court are two motions filed by Taylor in which he seeks to amend his Petition. (ECF Nos. 10 & 11.) As discussed below, Taylor has failed to properly present any issues to the state appellate courts; therefore, any amendments to the Petition are similarly procedurally barred.



concurrently. (ECF No. 12-5 at 18.) Although the respondent states that Taylor did not file a direct appeal, it appears from the record that Taylor may have filed a *pro se* direct appeal that was dismissed because none of the issues raised by Taylor was preserved for review. (See, e.g., ECF No. 12-1 at 3, 7; ECF No. 12-3 at 9, 15; ECF No. 12-6 at 1; ECF No. 19 at 3, 23.)

On October 6, 2009, Taylor filed a *pro se* application for post-conviction relief ("PCR"). (Taylor v. State of South Carolina, 09-CP-10-6320; ECF No. 12-1.) The State filed a return. (ECF No. 12-2.) Taylor amended his application on September 21, 2010. (ECF No. 12-3.) On March 1, 2011, the PCR court held an evidentiary hearing at which Taylor appeared *pro se* and testified on his own behalf. (See Order, ECF No. 12-6 at 1.) By order dated April 5, 2011, the PCR judge denied and dismissed with prejudice Taylor's PCR application. (ECF No. 12-6.)

Prior to the issuance of the PCR court's order of dismissal, Taylor filed a notice of appeal with the South Carolina Court of Appeals on March 14, 2011 based upon the proposed order of dismissal submitted by the respondent. The South Carolina Supreme Court dismissed Taylor's appeal on April 12, 2011 based on Taylor's failure to provide the court with a copy of the PCR court's final order. (ECF No. 12-7 at 3.) Taylor then filed a motion to alter or amend judgment, which was denied by order dated April 21, 2011. In its order, the South Carolina Supreme Court ruled that Taylor's notice of appeal was premature because it was filed prior to the entry of the PCR court's final order and denied Taylor's request to reinstate the appeal. (ECF No. 12-7 at 4-6.) However, the court gave Taylor thirty days from the date of receipt of the order to properly file and serve another notice of appeal. (Id. at 5.) The remittitur for Taylor's first appeal was issued April 29, 2011. (ECF No. 12-7 at 7.)

Taylor filed a second notice of appeal on May 13, 2011. (ECF No. 12-8 at 1.) The South Carolina Supreme Court dismissed Taylor's second appeal on August 3, 2011 due to Taylor's failure

to order a transcript of the PCR hearing as required by the South Carolina Appellate Court Rules. (ECF No. 12-8 at 3-4.) The remittitur for Taylor's second appeal was issued August 22, 2011. (ECF No. 12-8 at 5.)

## FEDERAL HABEAS ISSUES

Taylor's federal petition for a writ of habeas corpus appears to raise numerous issues including, but not limited to, the ineffective assistance of trial counsel, trial court and PCR court error, and prosecutorial misconduct. (See generally Pet., ECF No. 1.)

## DISCUSSION

### A.  Summary Judgment Standard

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Harrington v. Richter, 131 S. Ct. 770, 785 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover,

state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Id. at 785. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 786. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.     Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911

(4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks & citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**D.    Respondent's Motion for Summary Judgment**

The respondent argues that all of Taylor's grounds should be dismissed because he failed to properly present any claim to the South Carolina Supreme Court. As discussed above, Taylor appears to have filed a direct appeal; however, it appears that the state appellate court dismissed it because the issues were not preserved for review under state law. Further, Taylor attempted to appeal the denial of his PCR application to the state appellate courts, but it was ultimately dismissed

pursuant to Rule 207(a)(1) of the South Carolina Appellate Court Rules for failure to order the PCR transcript.

In response, Taylor does not dispute that his appeals were dismissed. Rather, Taylor appears to challenge the propriety of the South Carolina Supreme Court's dismissal of his PCR appeal.[2] (ECF No. 19 at 2-3, 22.) However, the state appellate court dismissed Taylor's appeal on independent and adequate state procedural grounds. The United States Supreme Court has recently stated the following:

> A federal habeas court will not review a claim rejected by a state court if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment. The state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits.

Walker v. Martin, 131 S. Ct. 1120, 1127 (2011) (internal quotation marks and citations omitted) (alterations in original). In the present case, Rule 207(a)(1), SCACR requires an appellant to "make satisfactory arrangements (including agreement regarding payment for the transcript), in writing with the court reporter for furnishing the transcript." The rule further states that in appeals from the court of common pleas, the transcript shall be ordered within ten days after the date of service of the notice of appeal and that the "[a]ppellant shall contemporaneously furnish all counsel of record, the Office of Court Administration, and the clerk of the appellate court with copies of all correspondence with the court reporter." Rule 207(a)(1), SCACR. Accordingly, although Taylor argues that the state Supreme Court should not have dismissed his PCR appeal, the court finds that it was dismissed on independent and adequate state procedural grounds. Because Taylor failed to properly submit any

---

[2] Taylor also appears to argue that his failure to exhaust does not deprive the court of jurisdiction to consider the merits of his Petition. (ECF No. 19 at 13.) The court observes that procedural default in not a jurisdictional issue; however, it is an affirmative defense, which the respondent has pled in this matter and the court will consider. See Trest v. Cain, 522 U.S. 87, 89 (1997).

claims to the state appellate courts, the court finds that all of the claims in Taylor's Petition are procedurally barred, unless he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

Taylor appears to argue that any procedural default should be excused because (1) he can demonstrate cause for the default and actual prejudice, and (2) that failure to consider his claims will result in a fundamental miscarriage of justice. Specifically, Taylor argues that he failed to file a proper direct appeal because plea counsel was ineffective in informing him of his right to a direct appeal and was generally ineffective. (ECF No. 19 at 15, 23-27.) However, when a claim of ineffective assistance is asserted as "cause" for failing to exhaust claims, it must have been exhausted as an independent claim in state court before it may be used to establish cause for a defaulted claim. See Murray v. Carrier, 477 U.S. 478, 489 (1986); see also Edwards v. Carpenter, 529 U.S. 446, 452 (2000). In this case, Taylor has not properly exhausted any allegation that plea counsel was ineffective. Further, the court finds that Taylor has not demonstrated cause and prejudice for defaulting on his claims that plea counsel was ineffective. See Edwards, 529 U.S. at 452-54; Swisher v. True, 325 F.3d 225, 231 (4th Cir. 2003).

Taylor also appears to contend that a fundamental miscarriage of justice will occur in that the record and other evidence demonstrates that he is actually innocent of the charges. (ECF No. 19 at 22-23, 24-25, 27.) However, the court finds that Taylor has failed to present evidence of sufficient evidentiary force to demonstrate actual innocence in light of the testimony at his guilty plea. See Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001) ("Absent clear and convincing evidence to the contrary, [the petitioner] is bound by the representations made during his plea colloquy.") (internal quotations and citations omitted); see also Schlup v. Delo, 513 U.S. 298, 299, 327-28 (1995) (stating

that to demonstrate "actual innocence," a petitioner must present "new reliable evidence . . . that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt").

Thus, Taylor has not fairly presented any of his grounds to the South Carolina appellate courts and they are barred from federal habeas review.  See Coleman, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); Picard v. Connor, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding").  Moreover, these claims would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules if Taylor attempted to raise them now.  See Lawrence, 517 F.3d at 714; Longworth, 377 F.3d 437; see also Coleman, 501 U.S. 722.  Therefore, the court cannot excuse Taylor's procedural default and concludes that all of Taylor's grounds are procedurally barred.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 13) be granted.  In light of this recommendation, the court further recommends that any pending motions (ECF Nos. 10 & 11) be terminated.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 14, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).