IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Dion Orlando Taylor, | ) | C/A NO. 0:11-1456-CMC-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Warden of Allendale Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On November 14, 2011, the Magistrate Judge issued a Report recommending that Respondent's motion for summary judgment be granted and this matter dismissed with prejudice. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Petitioner filed objections to the Report on December 1, 2011. ECF No. 30.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

1

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review of those matters as to which an objection was made, and considering the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation in full.

Petitioner argues that actions by Respondent (failing to provide certain medications and not providing notarization of certain documents) and the alleged ineffectiveness of his trial court counsel caused him to default the issues he presents in this petition. *See generally* Objections at 1-10 (ECF No. 30). Moreover, he presents argument that he is actually innocent of the convictions in question. For the most part, Petitioner's objections consist of reargument of the issues raised in the petition and in opposition to Respondent's motion for summary judgment. However, none of the objections cure the deficiencies of Petitioner's defaulted claims. Therefore, Petitioner's objections are without merit.

Respondent's motion for summary judgment is **granted** and this petition is dismissed with prejudice.[1]

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

---

[1] Petitioner has filed two motions to amend. ECF Nos. 10 & 11 (filed Aug. 16 & 22, 2011). The undersigned has reviewed the motions and finds that they should be denied. Petitioner's first motion to amend seeks to add an Eighth Amendment claim to his Sixth Ground for relief and seeks to be released on his own recognizance during the pendancy of this petition. Constitutional claims relating to the conditions of confinement, rather than its fact or duration, are not cognizable in habeas corpus petitions. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973). Because the court denies the petition, Petitioner's request for release on his own recognizance is moot. As to Petitioner's second motion to amend, for the same reasons as outlined in the Report, this ground for relief is defaulted. Therefore, Petitioner's motion is denied as futile.

>   (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>   (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

   **IT IS SO ORDERED.**

                                             s/ Cameron McGowan Currie
                                             CAMERON MCGOWAN CURRIE
                                             UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 6, 2011